UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MIKHAIL MARKMAN,

                Plaintiff,

      - against -

THE CITY OF NEW YORK,
P.O. JESSI D'AMBROSIO (Shield# 16123),
Police Officers "JOHN DOE" #1-10, Individually
and in their official capacities (the name John Doe
being fictitious as the true names are presently
unknown),

                Defendant.
------------------------------------------------------------------x

*DKT#:*

**COMPLAINT**

**JURY TRIAL DEMANDED**

CV-13-6843

SUMMONS ISSUED

COGAN, J.

Plaintiffs, MIKHAIL MARKMAN, by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, MIKHAIL MARKMAN, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. JESSI D'AMBROSIO (Shield# 16123), and P.O. "JOHN DOE" # 1-10, were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## FACTS

13. On or about September 19, 2012 at approximately 11:55 p.m. in front of 70 New Lane in Staten Island, New York (Richmond County), the Plaintiff exited his residence to walk his dog.

14. The Plaintiff observed an individual under his vehicle and the trunk to his vehicle open.

15. The Plaintiff yelled out and the individual who was under his vehicle fled the scene.

16. The Plaintiff approached his vehicle and observed a handgun in the trunk of his vehicle.

17. The Plaintiff did not touch the handgun and promptly called 911 for emergency assistance.

18. P.O. JESSI D'AMBROSIO (Shield# 16123) and P.O. "JOHN DOE" # 1-10 arrived on the scene after Plaintiff called 911.

19. The Plaintiff explained to P.O. JESSI D'AMBROSIO (Shield# 16123) and P.O. "JOHN DOE" # 1-10 what he observed, that an unknown person was under his vehicle and fled the scene, that the trunk of his vehicle was opened, and that he then discovered a handgun in the trunk of his vehicle. Plaintiff also explained to the Defendant Police Officers that the handgun did not belong to the Plaintiff.

20. Despite knowing that the Plaintiff contacted the police via a 911 phone call and reported the crime in progress and reported the unknown firearm to the police, P.O. JESSI D'AMBROSIO (Shield# 16123) and P.O. "JOHN DOE" # 1-5, placed the Plaintiff under arrest.

21. The Plaintiff was charged in Criminal Court of the City of New York, County of Richmond, with Criminal Possession of a Weapon in the Second Degree (PL 265.03(3)), Criminal Possession of a Weapon in the Fourth Degree (PL 265.01(1)), and Possession of Ammunition (PL 10-131(i)(3)). These crimes were brought against Plaintiff under docket number 2012RI008563.

22. The criminal complaint, which was signed under oath by P.O. JESSI D'AMBROSIO (Shield# 16123) alleged the following facts against the Plaintiff:

> "[P.O. JESSE D'AMBROSIO] states that [MIKHAIL MARKMAN] possessed a loaded firearm and such possession did not take place in the defendant's home or place of business, knowingly and unlawfully possessed a firearm and possessed a pistol or revolver ammunition in that the defendant opened the trunk of a 1995 Chevrolet Caprice with a key and deponent observed a Tanfoglio .22 caliber revolver in said trunk and the defendant stated in sum and substance: IT'S MY CAR. Deponent further states that he observed three boxes containing fifty .22 caliber rounds each and one box containing twelve .22 caliber rounds next to said firearm."

23. However, P.O. JESSE D'AMBROSIO and "JOHN DOE" #1-10 knew that the Plaintiff did not knowingly or unlawfully possess the firearm since the Plaintiff called 911. Moreover, P.O. JESSE D'AMBROSIO and "JOHN DOE" #1-10 knew that there was no probable cause to arrest the Plaintiff.

24. P.O. JESSE D'AMBROSIO also failed to provide a full recitation of important facts both in the criminal complaint and to the District Attorney's Office, which were *Brady* material and which P.O. JESSE D'AMBROSIO was obligated to communicate to the prosecutor's office, including (1) that Plaintiff called 911; (2) the Plaintiff did not simply state "it's my car", as set forth in the criminal complaint, but explained to the police that it was not his firearm; (3) that the Plaintiff explained the circumstances leading up to his calling 911.

25. P.O. JESSI D'AMBROSIO (Shield# 16123) and P.O. "JOHN DOE" # 1-5 arrested the Plaintiff without probable cause.

26. The Plaintiff was held in custody for approximately one month before he was released.

27. The Plaintiff's criminal proceedings pended approximately 1 year before the criminal charges against him were dismissed.

28. Subsequent to the Plaintiff's arrest he suffered a heart attack. The heart attack was causally related to the stress placed on Plaintiff related to his unlawful arrest.

29. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of property, loss of use and enjoyment of his property, incurred monetary costs, and deprivation of his constitutional rights. Plaintiff also suffered a heart attack as a result of his arrest and, as a result, suffered significant pain and suffering.

## FEDERAL LAW CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

32. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and

Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

35. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and unlawful seizure of their person without any probable cause, privilege, or consent.

38. That the seizure of the plaintiff was objectively unreasonable and in violation of the plaintiff's constitutional rights.

39. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish,

embarrassment and humiliation, shame, indignity, damage to reputation, loss of property, loss of use and enjoyment of his property, incurred monetary costs, and deprivation of his constitutional rights. Plaintiff also suffered a heart attack as a result of his arrest and, as a result, suffered significant pain and suffering.

### THIRD CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

42. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of plaintiff's constitutional rights.

43. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of property, loss of use and enjoyment of his property, incurred monetary costs, and deprivation of his constitutional rights. Plaintiff also suffered a heart attack as a result of his arrest and, as a result, suffered significant pain and suffering.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendant was directly and actively involved in the initiation of criminal proceedings against Plaintiff.

46. Defendant lacked probable cause to initiate criminal proceedings against Plaintiff.

47. Defendant acted with malice in initiating criminal proceedings against Plaintiff.

48. Defendant was directly and actively involved in the continuation of criminal proceedings against Plaintiff.

49. Defendant lacked probable cause to continue criminal proceedings against Plaintiff.

50. Defendant acted with malice in continuing criminal proceedings against Plaintiff.

51. Notwithstanding the conduct of the Defendant, the criminal proceedings were terminated in Plaintiff's, favor when all criminal charges against him were dismissed.

52. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of property, loss of use and enjoyment of his property, incurred monetary costs, and deprivation of his constitutional rights. Plaintiff also suffered a heart attack as a result of his arrest and, as a result, suffered significant pain and suffering.

## FIFTH CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PROPERTY) UNDER 42 U.S.C § 1983

53. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and unlawful seizure of his vehicle without any probable cause, privilege, or consent.

55. That the seizure of Plaintiff's vehicle was objectively unreasonable and in violation of of the Plaintiff's constitutional rights.

56. As a result of the foregoing, both plaintiffs' were humiliated, embarrassed, and suffered loss of use of his vehicle, loss of enjoyment and use of his vehicle, loss of property, loss of use and enjoyment of his vehicle, and incurred monetary costs.

## DAMAGES AND RELIEF REQUESTED

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To be free from the unlawful seizure of property;

    E. To receive equal protection under the law.

59. By reason of the aforesaid conduct by defendants, plaintiff is entitled to the sum of twenty-million dollars ($20,000,000.00) in compensatory damages, twenty-million dollars ($20,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper;

**WHEREFORE,** Plaintiff demands judgment in the sum of twenty-million dollars ($20,000,000.00) in compensatory damages, twenty-million dollars ($20,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action for the Federal Causes of Action;

Dated: New York, NY
November 29, 2013

By: _____
BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832