

ZACHARY CARTER
*Corporation Counsel*

**THE CITY OF NEW YORK**
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JENNIFER SCHUMAN**
Special Assistant Corporation Counsel
phone: (212) 356-3518
fax: (212) 356-3558
email: jschuman@law.nyc.gov

July 3, 2014

**BY ECF**
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Mikhail Markman v. City of New York, 13-cv-6843 (BMC)

Dear Judge Cogan:

I am the Special Assistant Corporation Counsel in the Office of Zachary Carter, Corporation Counsel of the City of New York representing defendants The City of New York and Police Officer Jessi D'Ambrosio in the above-referenced matter. Defendants intend to move pursuant to Fed. R. Civ. P. 56 for summary judgment on all of plaintiff's claims. In accordance with Your Honor's individual rules of practice, defendants respectfully request that Your Honor convert the pre-trial conference scheduled for July 22, 2014 into a pre-motion conference.

**I.   Facts**
Plaintiff alleges, *inter alia*, that on or about September 19, 2012 at approximately 11:55 pm in front of 70 New Lane in Staten Island New York, he saw a female and a male near his car and that the female appeared to put a bomb or other explosive device under his car and a firearm in the car trunk. Plaintiff is the owner of the car, a 1995 Chevrolet with NJ plate "WARDOG." Plaintiff was with his dog who he says is part jackel and can smell explosives. At his deposition, plaintiff confirmed the recorded 911 calls in the case as calls made by him, and admitted making the statements reflected in the 911 print out. Plaintiff alleges that he was unlawfully seized and arrested for the gun in the trunk of his car and that the arrest caused stress that led to a heart attack, that he was maliciously prosecuted, and that his car was unlawfully seized.[1]

---

[1] Plaintiff has included the City of New York as a defendant in the caption, but does not appear to make any allegations against the City save for one paragraph alleging that actions of the individual defendants were carried out pursuant to the customs, practices, procedures and rules of The City of New York and the New York City Police Department. Complaint ¶ 34. Under the analysis above, the defendant officer had probable cause to arrest plaintiff, therefore he did not violate plaintiff's rights and accordingly the City has no liability.

During the late hours of September 19, 2013 and into September 20, 2013, plaintiff made several calls to 911. The calls included the following summarized statements: that plaintiff was a military colonel; that he was walking his dog and saw a female Russian under and by his car; that the female put firearms in his trunk; that the female was under his car and put explosives under his car; that he would not go closer to the car because he did not want to explode all together; that maybe he should start shooting because maybe then the police would respond; that he would not meet police because they would ask too many questions; that he had a bomb dog; that he was on the phone too long and that the military would handle it; and that it was a terror attack.

Police Officer Jessi D'Ambrosio and his partner PO Pascual responded shortly after midnight on September 20th. They heard the call classified as a 10-33, an unusual classification that indicated an explosive device. When the plaintiff and his dog approached the police car, plaintiff appeared intoxicated to police. Plaintiff told police he saw a woman put explosives under his car and that his dog also informed him of the bomb. Plaintiff later went to his car and opened the trunk with a key even though plaintiff insisted explosives were under the car. The plaintiff was handcuffed for his own safety, and for the safety of others. In the now open trunk, in plain view, was a revolver and 162 rounds of ammunition. It was subsequently determined that there were no explosives under the car.

Police arrested the plaintiff for Criminal Possession of a Firearm in the Second Degree pursuant to PL 265.03 based on the totality of the circumstances which included: (i) the nature of the statements made in the 911 calls and repeated to police on the scene; (ii) that the plaintiff reported explosives under his car which ultimately were not there affecting plaintiff's credibility; (iii) that the plaintiff appeared intoxicated to police; (iv) that plaintiff told police the car with the firearm in it was his and that nobody else had used or had access to the car; (v) that the plaintiff had the key to the trunk of the car where the firearm was located; and (vi) that the car was in excellent condition and there was no damage to the trunk of the car indicating that somebody had broken into the trunk and placed a firearm there. Plaintiff's car was vouchered as evidence.

At the precinct, the plaintiff complained of chest pains and was taken to the hospital. The next day he was taken to his arraignment where the Court ordered a 730 psychiatric exam based in part on Court observations of the plaintiff's conduct. He later complained of chest pains again and was taken back to the hospital. None of the records obtained by the undersigned, or disclosed by the plaintiff, indicate that the plaintiff had a heart attack as alleged. It appears that the case was dismissed because of issues related to speedy trial concerns. The only time it appears plaintiff was incarcerated post arraignment was when he was remanded for the 730 exam.

**II. Defendants are entitled to summary judgment on plaintiff's false arrest claim**

The presence of probable cause is a complete defense to an action for false arrest or false imprisonment. Covington v. City of New York et al., 171 F.3d 117, 122 (2d Cir. 1999). "Probable cause exists when, based on the totality of circumstances, the officer has 'knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested.'" Finigan v. Marshall, 574 F.3d 57, 62 (2d Cir. July 28, 2009) (quoting Zellner v. Summerlin et al., 494 F.3d 344, 368 (2d Cir. 2007)). The inquiry into probable cause "is an objective one that focuses on the facts available to the arresting officer *at the time of the arrest.*" Finigan, 574 F.3d at 62 (citing Jaegly v. Couch et al., 439 F.3d 149, 153 (2d Cir. 2006)) (emphasis added). In addition, under the collective knowledge doctrine or fellow officer rule, an arresting officer has probable cause to arrest even if relying on knowledge

obtained by other officers during an investigation.  See Savino et al. v. City of New York et al., 331 F.3d 63, 74 (2d Cir. 2003)

Pursuant to NYPL 265.03, an individual is guilty of Criminal Possession of a Weapon in the Second Degree when such person possesses any loaded firearm so long as not in that person's home or place of business. Here, defendants submit that the undisputed facts as set forth above establish there was probable cause to arrest plaintiff.

Further, the only officer named and served in this lawsuit, Officer D'Ambrosio, is at least entitled to qualified immunity in this case.  An officer is entitled to qualified immunity from a claim for arrest without probable cause if: (1) it was objectively reasonable for police to believe that probable cause existed; or (2) officers of reasonable competence could disagree on whether there was probable cause.  Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007) (citations omitted).  Here, on the undisputed facts it was reasonable for the officers to believe that plaintiff knew the gun was in his car, not because of the convoluted story he told, but because he had put the gun there himself. Therefore, the defendant officer is entitled to qualified immunity.

### III. Defendants are entitled to summary judgment on the malicious prosecution claim

Plaintiff alleges that he was maliciously prosecuted by defendants.  According to the undisputed facts, however, there was probable cause to prosecute plaintiff for this offense. "In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment and establish the elements of a malicious prosecution claim under state law." Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002) (citation omitted).  Under New York law, to establish a claim of malicious prosecution, a plaintiff must prove: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997).  In addition to these state law elements, a malicious prosecution claim brought under § 1983 requires showing "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Rohman v. New York City Transit Authority, 215 F.3d 208, 215 (2d Cir. 2000). Here, as set forth above, there was probable cause to arrest plaintiff for possession of a firearm.  The same facts that created probable cause for his arrest also create probable cause for plaintiff's prosecution for this offense. Furthermore, plaintiff has offered no evidence whatsoever of actual malice by defendant D'Ambrosio or any other officer.  In addition, it appears that the only post-arraignment liberty restraint was when he was remanded for the 730 psychiatric examination. As such, plaintiff's claim of malicious prosecution is without merit, and defendants are entitled to summary judgment.

For the reasons set forth above, and in accordance with Your Honor's individual rules, The City of New York and PO D'Amborsio respectfully request that Your Honor convert the pre-trial conference scheduled for July 22, 2014 into a pre-motion conference in advance of their anticipated motion for summary judgment.

Respectfully submitted,

Jennifer Schuman
*Special Assistant Corporation Counsel*

Cc: By ECF and By Mail: Ameer Benno, Esq., Santiago Paris, Esq.