

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

JENNIFER SCHUMAN
Phone: (212) 356-3518
Fax: (212) 356-3558
jschuman@law.nyc.gov

July 16, 2014

**BY ECF**
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>Mikhail Markman v. City of New York</u>, 13-cv-6843 (BMC)

Dear Judge Cogan:

    This letter is to request that Plaintiff's Second Supplemental Rule 26 Disclosures, dated July 9, 2014 and listing 6 new potential witnesses, and any additional documents upon which plaintiff wishes to rely on at trial that were not disclosed during the discovery period of this case, be disregarded as untimely in that discovery is closed and depositions have been completed and the Court clearly informed counsel at Court conferences on both May 27, 2014 and July 8, 2014 that discovery was not going to be extended.

    The undersigned is requesting that Plaintiff's Second Supplemental Rule 26 Disclosures, dated July 9, 2014, be disregarded as untimely and extremely prejudicial to the City and to the individual police officer defendants in this case. Counsel filed a notice of appearance back in April of 2014 and has been aggressively handling this case since that time. There is no fathomable explanation as to why these disclosures were not made much sooner instead of in the midst of briefing a summary judgment motion, and weeks after discovery has closed. Discovery has been closed since June 20, 2014, at the latest, an extended date that the Court gave the parties in order to complete depositions. The day after the last Court conference where defendants' anticipated summary judgment motion was discussed and a briefing schedule was set, counsel apparently created supplemental disclosures listing 6 additional individuals that plaintiff alleges are likely to have discoverable information that plaintiff may use to support his claims. These late disclosures are severely prejudicial to the City and to the named police officers in this case. The undersigned does not even know who several of these individuals are. To allow this late

disclosure would require extending discovery since defendants are entitled to learn who these individuals are and to depose these individuals if they are potential trial witnesses.

In addition, I received a telephone message at 3:00 pm yesterday from counsel informing me that plaintiff has given counsel documents in Russian purportedly relating to plaintiff's job helping to develop the hybrid bomb sniffing dogs in Russia. Counsel informed me that since these documents are in Russian, it is his client's interpretation of them upon which he relies. He informed me that they contain a contract between the plaintiff and Russian employers and also contain a confidentiality agreement so they can only be produced for attorney eyes only without an additional confidentiality agreement specifically for this lawsuit. This late potential disclosure is also severely prejudicial to the City and to the named police officers in this case. This document presumably was known about and/or possessed by the plaintiff since the beginning of this lawsuit which was filed December 5, 2013. Its existence has never even been mentioned to the undersigned before yesterday. It is apparently in Russian and will need to be translated. In addition, plaintiff was already deposed without benefit of this purported document relating to his alleged employment in Russia. Defendants should be permitted to further depose plaintiff should this additional disclosure be permitted and then to depose other potential witnesses depending on what the document actually says.

I have conferred with counsel regarding this issue and asked that he voluntarily agree not to use any information, documents or witnesses at trial that were not disclosed during the discovery period. His response was that his understanding is that Rules 26(a)(1)(E) and 26(e)(1) require him to supplement his disclosures as he obtains new information and documents, and that this obligation exists independently of any discovery schedule. The undersigned responded that Rule 26(a)(1)(E) deals with *unacceptable excuses* and clearly states that a party is not excused from making its initial disclosures because it has not fully investigated the case which is precisely what I submit has happened here. The information recently disclosed could have been disclosed much sooner if counsel had taken the time to reasonably inquire regarding the facts of the case and to investigate the case thoroughly when he filed his notice of appearance and in the more than two months that followed. The information counsel is now disclosing was reasonably available to him during the discovery period. Rule 26(e)(1) deals with supplementing material already disclosed during the discovery period if the party learns that in some material respect the disclosure or response is incomplete or incorrect. What counsel is now disclosing is not for the purpose of correcting or supplementing information already disclosed during the discovery period. Counsel is now, at this late date, disclosing brand new never before disclosed or discussed material that he should have known about when he did his due diligence and investigated this case and decided to represent plaintiff in this lawsuit.

The undersigned respectfully submits that while defendants are in the process of writing a summary judgment motion, plaintiff and his counsel are investigating and attempting to put together their case, something they should have done months ago. Plaintiff should not be permitted to disregard deadlines imposed by the Court, or to prejudice the defendants who are doing their best to operate within the time frame that the Court has dictated and file a summary judgment motion next Friday.

Respectfully submitted,

Jennifer Schuman
*Special Assistant Corporation Counsel*
Special Federal Litigation Division

cc: Ameer Benno, Esq. (By ECF)
*Attorney for Plaintiff*